UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DENNIS PHILLIP SZUDER,

                                        Plaintiff,

                                                            **Hon. Hugh B. Scott**

                    v.                                      **15CV258A**

                                                            **Report
                                                            and
CAROLYN W. COLVIN, Acting                                   Recommendation**
Commissioner of Social Security[1],

                                        Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings (Docket

Nos. 10 (plaintiff), 16 (defendant Commissioner)).

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination

of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled

to disability insurance benefits and/or Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

The plaintiff ("Dennis Szuder" or "plaintiff") filed an application for disability insurance

benefits on September 28, 2010.   That application was denied initially and on reconsideration.

The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de

novo and concluded, in a written decision on remand dated August 19, 2013 (R. 7; see R. 99), that

---

[1]On February 14, 2013, Carolyn W. Colvin became acting Commissioner of Social
Security.   Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Colvin is substituted for the
now former Commissioner Michael Astrue as Defendant in this action; no further action is
required, 42 U.S.C. § 405(g).

the plaintiff was not disabled within the meaning of the Social Security Act.   The ALJ's decision became the final decision of the Commissioner on January 27, 2015, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on March 26, 2015 (Docket No. 1).   The parties moved for judgment on the pleadings (Docket Nos. 10, 16).   The motions were deemed submitted on February 24, 2016 (Docket No. 14), after plaintiff filed his Reply (Docket No. 17).

## FACTUAL BACKGROUND[2]

Plaintiff was born on December 12, 1948, and was 60 years of age as of the onset date of February 1, 2009.   Szuder has a high school education.   Plaintiff served as a corrections officer (a semi-skilled job requiring skills in operating two-way communication systems, report writing, and ticket writing) before the onset date.

## MEDICAL AND VOCATIONAL EVIDENCE

Plaintiff claims disability arising from post right knee replacement surgery and anticoagulation therapy.   But the ALJ found that plaintiff's knee following surgery did not result in any inability to ambulate, hence did not satisfy the clinical criteria for Listing 1.02, major dysfunction of a joint, or 1.03, reconstructive surgery or surgical arthrodesis of a major weight-bearing joint.

The ALJ considered, and then rejected, Listing 4.05, recurrent arrhythmias, because plaintiff's atrial fibrillation and hypertension did not satisfy clinical criteria for the listing because "they had not resulted in controlled, recurrent episodes of cardiac syncope or near syncope" (R. 15-16).

---

[2]References noted as "(R.___)" are to the certified record of the administrative proceedings.

Plaintiff has diabetes and hypertension (R. 13).   Plaintiff's primary care physician, Dr. Sukwinder Kodial, showed that plaintiff's diabetes was controlled with medication (R. 13, 384-85).   Plaintiff did not complain of blurred vision, frequent infections, frequent urination, increased fatigue or burning of extremities (R. 13, 384).   On April 20, 2010, plaintiff's diabetes was newly diagnosed (R. 13, 384) and diabetes medication was initiated (R. 13, 385).   His glucose level and blood pressure decreased over time (R. 13-14).   The ALJ found that plaintiff's diabetes was controlled by medication and diet, but even when not under control, diabetes did not result in any significant symptoms or end organ damage (R. 14).   Plaintiff's hypertension, although difficult to control, was found not to have any significant symptoms or end organ damage (R. 14).

Plaintiff has right ear hearing loss since July 2003 (R. 15).

The ALJ found that plaintiff had a residual functional capacity to perform medium work, with the exceptions to avoid concentrated exposure to dangerous machinery and sharp instruments and objects.   Plaintiff is to avoid work that requires full hearing in both ears and concentrated exposure to excessive noise.   (R. 16.)

The ALJ gave consultative examiner Dr. John Schwab's assessment (R. 506-11), that plaintiff should avoid activities requiring good hearing in both ears (R. 510), significant weight because it was consistent with his examination findings and the record as a whole (R. 17).   The ALJ also found plaintiff's statements as to intensity, persistence and limiting effects of his symptoms to be credible (R. 18).

The ALJ sought the opinion of vocational expert Jay Steinbrenner and, posing a hypothetical claimant in circumstances similar to plaintiff's RFC.   Steinbrenner then opined that

plaintiff could perform such work as a security guard or a gate guard, but could not return to his

past relevant work as a corrections officer but could perform gate guard duties (R. 19-20).   The

ALJ does not discuss plaintiff's claimed obesity and his claimed kidney disease (Docket No. 10,

Pl. Memo. at 12).

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the

plaintiff was not under a disability is supported by substantial evidence.   See 42 U.S.C. § 405(g);

Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991).   Substantial evidence is defined as "'more

than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'"   Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting

Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person

is disabled when unable "to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has

lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C.

§§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental

impairment or impairments are of such severity that [he or she] is not only unable to do [his or her]

previous work but cannot, considering [his or her] age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy . . . ."   42 U.S.C.

§§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment.   Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).   Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform."   Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

> (1) whether the plaintiff is currently working;
>
> (2) whether the plaintiff suffers from a severe impairment;
>
> (3) whether the impairment is listed in Appendix 1 of the relevant regulations;
>
> (4) whether the impairment prevents the plaintiff from continuing past relevant work; and
>
> (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467.   If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).   However, it should be noted that the ALJ has an affirmative duty to fully develop the record.   Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that has done in the past.   20 C.F.R. §§ 404.1520(e)

5

& 416.920(e).   When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work."   <u>See</u> Social Security Ruling 82-62 (1982); <u>Washington v. Shalala</u>, 37 F.3d 1437, 1442 (10th Cir. 1994).   The ALJ must then determine the individual's ability to return to past relevant work given the claimant's residual functional capacity.   <u>Washington</u>, <u>supra</u>, 37 F.3d at 1442.

*Application*

In the instant case, plaintiff argues that the ALJ failed to properly evaluate his obesity, diabetes, and chronic uncontrolled kidney disease as step two of the analysis, depriving the ultimate decision of substantial evidence (Docket No. 10, Pl. Memo. at 10-13).   Plaintiff next faults the ALJ for relying upon the vague opinion of the consultative physician Dr. Schwab (<u>id.</u> at 14-15), but that opinion is inconsistent with the residual functional capacity finding and the step five analysis of available occupations plaintiff (or a hypothetical claimant like plaintiff) could perform (<u>id.</u> at 15-17).   The ALJ's hypothetical to the vocational expert did not factor in plaintiff's hearing loss (noted in the residual functional capacity) in determining the work a similar hypothetical claimant could perform (<u>id.</u> at 17-20).   Plaintiff argues that his disability has been sufficiently established that this case should be remanded only to determine the calculation of benefits (<u>id.</u> at 20-22).

I.      Plaintiff's Obesity, Diabetes, and Kidney Disease

Plaintiff was diagnosed with diabetes with renal complications, obesity, and chronic kidney disease in November 2010 (Docket No. 10, Pl. Memo. at 10; R. 692-93).   These diagnoses continued (Docket No. 10, Pl. Memo. at 10; R. 651, 655, 675, 692, 910, 864, 898).

A.      Obesity

Plaintiff argues that on August 30, 2011, plaintiff was weighed at 215 pounds with no measurement of his height or body mass but not found to be obese (R. 649, 650), but was 221 pounds on November 23, 2010 (R. 691, 692) and was found to be obese (R. 693).   He complains that the ALJ's diabetes evaluation was incomplete (Docket No. 10, Pl. Memo. at 11). He argues that remand is appropriate for step two analysis where the ALJ's determination of severe impairments is erroneous (id.).

Defendant responds that obesity was noted three times in plaintiff's medical record (Docket No. 16, Def. Memo. at 18; R. 693, 843, 886), and Dr. Schwab in his consultative examination noted that plaintiff was 5 foot 9 inches and weighed 215 pounds but did not find him to be obese (Docket No. 16, Def. Memo. at 18; R. 507)   The ALJ need not discuss obesity if it did not have limiting effects on a claimant (id. at 19), Farnham v. Astrue, 832 F. Supp. 2d 243, 262 (W.D.N.Y. 2011) (Foschio, Mag. J.), adopted, 832 F. Supp. 2d 243 (W.D.N.Y. 2011) (Arcara, J).

Obesity by itself is not a disabling condition, but may be considered with other conditions to determine whether the additional or cumulative effects on claimant's other impairments meet or medically equal the severity of a listed impairment under Social Security regulations or whether the claimant has functional limitations due to the obesity, 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. Part

404 Appx. 1, § 1.00(Q), SSR 02-1p.   Although plaintiff's medical record indicates obesity, there is no showing that he was impaired by the obesity (or that condition with other ailments).

### B.      Diabetes and Kidney Disease

Plaintiff was diagnosed with diabetes with renal manifest, not recognized by the ALJ in noting only the diabetes and not any organ damage (Docket No. 10, Pl. Memo. at 10-11). Defendant counters that the ALJ thoroughly reviewed and evaluated his diabetes (Docket No. 16, Def. Memo. at 16, 18).   Even if the ALJ was incorrect in not noting organ damage from the kidney disease, defendant argues that the ALJ noted that plaintiff's diabetes did not result in any significant symptoms or end organ damage (id. at 16 (emphasis in original omitted); R. 14), when looking for end-stage condition (Docket No. 16, Def. Memo. at 16 n.5).

As with his obesity, plaintiff has not shown any impairment from either his diabetes or kidney disease.   The ALJ found other ailments were severe at step two and proceeded to other steps, the fact that he did not reach these conditions is not error.

### II.      Dr. Schwab's Opinion

The ALJ had given significant weight (R. 17) to the opinion of Dr. Schwab (R. 506-11) in his consultative evaluation, but plaintiff counters that this opinion was "far too vague to constitute substantial evidence," being vague on plaintiff's hearing and the source of his vertigo (R. 510) (Docket No. 10, Pl. Memo. at 14).   But Dr. Schwab found that plaintiff was unable to detect the sound of rubbing fingers near his right ear consistent with his claim of deafness, although he could hear with his left ear (R. 508).   He noted that plaintiff claimed vertigo from bending down or rising too quickly and had rehabilitation exercises for vertigo (R. 506).   Dr. Schwab diagnosed plaintiff with deaf right ear, vertigo, among other conditions (R. 509).   Plaintiff complains that

there was no finding that he had bending problems (Docket No. 10, Pl. Memo. at 16); although

Dr. Schwab's musculoskeletal findings did not indicate a problem with bending (R. 508-09).

Plaintiff testified that he got dizzy spells from moving too fast, claiming that his

medication caused dizziness (R. 59; see R. 47 (testified that he has equilibrium problems from his

right ear deafness)).   Plaintiff now argues that this dizziness was due to his deafness, although he

testified that he was not sure if the cause was his deafness, the medication, or both (R. 60; Docket

No. 10, Pl. Memo. at 9).   Although the ALJ credited plaintiff's statements regarding intensity,

persistence and limiting effects as credible (R. 18), he failed to consider plaintiff's vertigo

regardless of the source (medication or deafness).   This matter, therefore, needs to be **remanded**

to determine if plaintiff's vertigo changes his residual functional capacity, and ultimately whether

plaintiff is disabled.

III.    Vocational Expert Hypothetical

A.      Residual Functional Capacity

Plaintiff challenges the hypothetical posed by the ALJ to the vocational expert since it did

not incorporate all of plaintiff's ailments and condition (Docket No. 10, Pl. Memo. at 17), in

particular plaintiff's hearing loss (id. at 18).   The hypothetical to the vocational expert must

"reflect the full extent of the claimant's capabilities and impairments to provide a sound basis for

the [expert's] testimony," Sanchez v. Barnhart, 329 F. Supp. 2d 445, 449 (S.D.N.Y. 2004).

B.      Plaintiff's Hearing Loss

The residual functional capacity notes that plaintiff is to avoid work that requires full

hearing in both ears and concentrated exposure to excessive noise (R. 16), based (as noted above)

on Dr. Schwab's evaluation (R. 510).

Given the recommendation above that plaintiff's residual functional capacity needs to be re-evaluated, any hypothetical to the vocational expert based on that residual functional capacity needs to be amended.

IV.     Basis for Remand

Applying the Medical-Vocational Rule 202.06 to correct facts, plaintiff concludes that he should be found to be disabled under the rule and thus remand should be to establish his benefits (Docket No. 10, Pl. Memo. at 20-22).   Given the prior recommendations that this matter be remanded, there are sufficient issues of fact that the remand should be utilized for the determination of plaintiff's disability and not merely an assessment of the amount of his benefits. Plaintiff's motion to remand for establishing benefits should be **denied**.

## CONCLUSION

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **REVERSED** and this matter be **REMANDED** for further administrative proceedings. Defendant's motion for judgment on the pleadings (Docket No. 16) should be **DENIED** and plaintiff's motion for similar relief in his favor (Docket No. 10) should be **GRANTED IN PART**, as specified above (namely, remand for further determination of disability and not merely to set benefit level).

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

Any objections to this Report & Recommendation *must* be filed with the Clerk of this Court *within fourteen (14) days* after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a). <u>Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein.</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>F.D.I.C. v. Hillcrest Associates</u>, 66 F.3d 566 (2d Cir. 1995); <u>Wesolak v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir. 1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. <u>See</u> <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.</u>

So Ordered.

*/Hugh B. Scott*
_____
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
April 12, 2016