UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DENNIS PHILLIP SZUDER,

                       Plaintiff,

     -vs-                         **No. 1:15-CV-00258 (MAT)**
                                          **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                       Defendant.

---

**I.    Introduction**

    Represented by counsel, Dennis Phillip Szuder ("plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter was initially before the Court on the parties' cross motions for judgment on the pleadings.[1] The parties' motions were referred to Magistrate Judge Hugh B. Scott for consideration of the factual and legal issues presented, and to prepare and file a Report and Recommendation ("R&R") containing a recommended disposition of the issues raised.

---

[1] This case was originally assigned to Judge Richard Arcara, who referred it to Magistrate Judge Scott for a Report and Recommendation, which was completed and filed on April 12, 2016. The case was referred to this Court by order dated November 8, 2016.

By R&R dated April 12, 2016, Magistrate Judge Scott recommended that this case be remanded for further consideration. Doc. 14. The Commissioner filed Objections on April 18, 2016. Doc. 19. For the reasons set forth below, the Court overrules the Commissioner's objections and adopts the R&R in its entirety.

**II.  Procedural History**

The record reveals that in September 2010, plaintiff (d/o/b December 12, 1948) applied for DIB, alleging disability as of February 2009. After his application was denied, plaintiff requested a hearing, which was held before administrative law judge Timothy McGuan ("the ALJ") on February 15, 2012. The ALJ issued an unfavorable decision on February 28, 2012. The Appeals Council granted review of that decision and the ALJ reheard the case on July 18, 2013. He issued a second unfavorable decision on August 19, 2013. The Appeals Council denied review of that decision and this timely action followed.

**III. Report and Recommendation**

The R&R found that the ALJ failed to properly consider plaintiff's vertigo at step two of the sequential analysis. See 20 C.F.R. § 404.1520. The ALJ gave significant weight to the consulting opinion of Dr. John Schwab, whose opinion noted plaintiff's report that he suffered dizziness "when he bends down or rises too quickly," as a result of vertigo. T. 506. After examining plaintiff, Dr. Schwab opined that plaintiff "should avoid any activity that triggers vertigo and balance problems." T. 510.

The ALJ found that plaintiff retained the residual functional capacity ("RFC") to "perform medium work as defined in 20 C.F.R. § 404.1567(c) except that he must avoid concentrated exposure to dangerous machinery and sharp instruments and objects. He must also avoid work that requires full hearing in both ears and concentrated exposure to excessive noise." T. 16. The R&R found that this RFC finding failed to properly account for the limitations stemming from plaintiff's vertigo. Because the ALJ's RFC would necessarily be altered on remand, the R&R also recommended that the ALJ obtain vocational expert testimony on remand via hypothetical questions sufficient to account for all of plaintiff's limitations.

The Commissioner filed Objections to the R&R, arguing that the ALJ properly considered plaintiff's vertigo at step two, and alternately, that any error at step two was harmless.

**IV. Discussion**

When reviewing a magistrate judge's report and recommendation, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" 28 U.S.C. § 636(b), and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[.]" Id. Where an objection does not raise new arguments but merely reiterates those raised on the original motion, the Court reviews an R&R for clear error. See, e.g., Jaroszynski v. Barnhart, 2004 WL 1812706, *2 (W.D.N.Y. Apr. 28, 2004).

The Commissioner objects to the R&R, contending that the ALJ properly accounted for limitations related to plaintiff's vertigo in his RFC finding, and alternately, that any error at step two was harmless. This argument reiterates the Commissioner's argument on the original motion, see doc. 16-1, and therefore the Court reviews the R&R for clear error. The Court finds none.

The Commissioner contends that the ALJ properly accounted for limitations stemming from plaintiff's vertigo by including a limitation in the RFC that plaintiff should "avoid concentrated exposure to dangerous machinery and sharp instruments and objects." T. 16. However, Dr. Schwab's consulting examination – upon which the ALJ relied –  noted that plaintiff experienced problems with *bending* due to vertigo, and the RFC makes no mention of bending limitations. Moreover, an RFC for medium work, as the ALJ assessed, contemplates frequent bending. See SSR 83-10. Thus, it is unclear from the ALJ's RFC finding whether he properly considered plaintiff's vertigo throughout the balance of the sequential evaluation process. As the R&R found, the step two error was therefore reversible and not merely harmless. Cf., e.g., <u>Diakogiannis v. Astrue</u>, 975 F. Supp. 2d 299, 311-12 (W.D.N.Y. 2013) ("As a general matter, an error in an ALJ's severity assessment with regard to a given impairment is harmless . . . *when it is clear that the ALJ considered the  claimant's [impairments] and their effect on his or her ability to work during the balance of the sequential evaluation process*." (emphasis added) (internal

quotation marks and citations omitted). Accordingly, the Court adopts the R&R in its entirety. The Commissioner's objections are overruled.

**V.  Conclusion**

For the reasons discussed in this Decision and Order as well as those set forth in the R&R, the Commissioner's motion for judgment on the pleadings (Doc. 16) is denied and plaintiff's motion (Doc. 10) is granted to the extent that this matter is reversed and remanded for further administrative proceedings. The Commissioner's objections (doc. 19) are overruled. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                              **S/Michael A. Telesca**
                                        HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated:    November 15, 2016
              Rochester, New York.